

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2003 DEC 19  A 10: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

PAINTERS AND ALLIED TRADES )
DISTRICT COUNCIL NO. 35 )
    Plaintiff, )
)
v. )   C.A. NO.
) **03-1252 PBS**
MGJ PAINTING )
    Defendant. ) **03-12562 PBS**
)

<u>COMPLAINT</u>    MAGISTRATE JUDGE Alexander

1. This is an action to enforce a labor arbitration award pursuant to § 301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. § 185. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337.

2. Plaintiff, Painters and Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. § 185 and is the duly authorized collective bargaining representative pursuant to the Act, 29 U.S.C. § 152, <u>et seq.</u>, of painters and allied trades employed in the geographic areas of Massachusetts, Vermont, New Hampshire and Maine. Plaintiff maintains its principal office in Roslindale, Massachusetts.

3. Defendant, MGJ Painting is an employer within the meaning of 29 U.S.C. § 152(2) and § 185, does business in this judicial district, and has its principal place of business in Everett, Massachusetts.

4. Plaintiff and Defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. § 185(a) and that, among other things, provides for final and binding arbitration of disputes arising under the agreement before the Joint Trade Board.

5. Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration a dispute with Defendant that had arisen under the collective bargaining agreement.

6. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints," and that the Joint Trade Board's decisions are binding as to the parties.

7. Following a hearing on the Plaintiff's grievance, of which the Defendant was given notice, the Joint Trade Board duly issued an award on October 3, 2003 sustaining Plaintiff's grievance against the Defendant and awarding Plaintiff and its affiliated funds the amount of $14,225.04. The payment was to be made within ten (10) days of receipt the award.

8. Defendant received a copy of the Joint Trade Board's Award via certified mail on October 4, 2003. [attached hereto as Exhibit "A"]

9. To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's award.

10. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of receipt of the award. M.G.L. c. 150 § 11.

11. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant:

a. ordering Defendant to comply with the Joint Trade Board;

b. ordering Defendant to pay Plaintiff's costs and attorney's fees for bringing this action;

c. awarding such other and further relief as may be just and proper including, but not limited to, declaring that Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days for asserting

such defenses has elapsed.

                            Plaintiff,
                            Painters and Allied Trades
                            District Council No. #35
                            By its attorney,

                            Jonathan M. Conti, BBO#657163
                            Feinberg, Campbell & Zack, P.C.
                            177 Milk Street
                            Boston, MA 02109
                            (617) 338-1976

DATED: December 18, 2003

## CERTIFICATE OF SERVICE

I, Jonathan M. Conti, hereby certify that on this day, I mailed a copy of the enclosed documents to Mr. Michael Joaquim, President, MGJ Painting, 60 Preston Street, Everett, MA 02149.

                            Jonathan M. Conti