UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35 Plaintiff, | ) ) ) ) ) ) ) | C.A. NO. 03-12562-PBS |
| M.G.J. PAINTING, INC. Defendant. | ) ) ) ) | |

## PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

Plaintiff Painters and Allied Trades District Council No. 35 ("District Council")

respectfully moves upon its attached Declaration pursuant to Federal Rule of Civil

Procedure 55(b)(1) for entry of judgment by the Clerk in the amount of $16,906.96. In

support of its motion, Plaintiff states as follows:

1.      Defendant neither filed an answer nor served a responsive pleading in this

action and, accordingly, were defaulted on May 18, 2004.

2.      Plaintiff is a labor organization within the meaning of 29 U.S.C. §185 and is

the duly authorized collective bargaining representative pursuant to 29 U.S.C.

§ 152, *et seq.,* of painters and allied trades employed in Massachusetts,

Vermont, New Hampshire and Maine.

3.      Defendant M.G.J. Painting, Inc., is an employer within the meaning of 29

U.S.C. § 152(2) and § 185.

4.      Plaintiff and Defendant are parties to a collective bargaining agreement that is

a contract within the meaning of 29 U.S.C. § 185(a) and that, among other

things, provides for final and binding arbitration of disputes arising under the agreement before the Joint Trade Board.

5.      Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration a dispute with Defendant that had arisen under the collective bargaining agreement.

6.      The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints," and that the Joint Trade Board's decisions are binding as to the parties.

7.      Following a hearing on the Plaintiff's grievance, of which the Defendant was given notice, the Joint Trade Board duly issued an award on October 3, 2003 sustaining Plaintiff's grievance against the Defendant and awarding Plaintiff and its affiliated funds the amount of $14,225.04. The payment was to be made within ten (10) days of receipt of the award.

8.      Defendant received a copy of the Joint Trade Board's Award via certified mail on October 4, 2003.

9.      Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

10.      To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's award.

11.      Defendant is neither an infant nor an incompetent person nor in the military service of the United States.

**WHEREFORE**, Plaintiff's Motion for Entry of a Default Judgment should be granted.

Respectfully submitted,

Plaintiff,
Painters and Allied Trades
District Council No. 35
By its attorney,


Jonathan M. Conti, BBO#657163
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

DATED: May 27, 2004


## CERTIFICATE OF SERVICE

I, Jonathan M. Conti, attorney for the Plaintiff, hereby certify that on this day I mailed a copy of the within document by first class mail, postage prepaid, to Mr. Michael Joaquim, President, M.G.J. Painting, Inc., 60 Preston Street, Everett, MA 02149, and Edward J. Byrnes, Esq., 11 Bedford Street, Burlington, MA 01803.

Jonathan M. Conti

DATED: May 27, 2004.


3